IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AKAL CALVERT DAMU ALLEN, SR.,

        Plaintiff,                     No. CIV S-11-2117 GGH P

   vs.

ARAMARK,

        Defendant.                   <u>ORDER</u>

_____/

        Plaintiff is a county jail inmate proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff will not be assessed an initial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The entirety of plaintiff's complaint states that "Aramark is feeding me two colds and one hot. It [is] supposed to be two hots and one cold." It seems plaintiff is referring to the meals he is receiving, however this is insufficient to state a cognizable claim as he fails to provide any details that demonstrate a constitutional deprivation. To the extent plaintiff wishes to refer to a complaint from a prior case that was dismissed without prejudice, plaintiff must file a complaint in this case that contains all the allegations on which he wishes to proceed.

The complaint is dismissed but plaintiff may file an amended complaint within twenty-eight days of service of this order. Failure to file an amended complaint will result in this action being dismissed.

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994). When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." Johnson, at 731.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

1  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

2  vague and conclusory allegations of official participation in civil rights violations are not

3  sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5  order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

6  amended complaint be complete in itself without reference to any prior pleading. This is

7  because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

8  Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

9  pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

10 original complaint, each claim and the involvement of each defendant must be sufficiently

11 alleged.

12       In accordance with the above, IT IS HEREBY ORDERED that:

13       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

14       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

15 Plaintiff will not be assessed an initial filing fee. All fees shall be collected and paid in

16 accordance with this court's order to the Director of the California Department of Corrections

17 and Rehabilitation filed concurrently herewith.

18       3. Plaintiff's complaint is dismissed for the reasons discussed above, with leave

19 to file an amended complaint within twenty-eight days from the date of service of this Order.

20 Failure to file an amended complaint will result in this action being dismissed.

21 DATED: October 11, 2011

22       /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

23 GGH: AB
alle2117.b