IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AKAL CALVERT DAMU ALLEN, SR.,

   Plaintiff,        No. CIV S-11-2117 GGH P

  vs.

ARAMARK,

   Defendant.        <u>ORDER</u>

_____/

   Plaintiff is a county jail inmate proceeding pro se and in forma pauperis with an action pursuant to 42 U.S.C. § 1983. This case is before the undersigned pursuant to plaintiff's consent. Doc. 4. This case was closed on December 12, 2011, but on December 21, 2011, plaintiff filed a motion to reopen the case that the court construes as a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b).

   Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." <u>Gonzalez v. Crosby,</u> 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

1

> neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." <u>Allmerica Financial Life Insurance and Annuity Company v. Llewellyn</u>,139 F.3d 664, 665 (9th Cir. 1997).

The entirety of plaintiff's original complaint stated that "Aramark is feeding me two colds and one hot. It [is] supposed to be two hots and one cold." It seemed that plaintiff was referring to the meals he was receiving, however the complaint was insufficient to state a cognizable claim. The complaint was dismissed on October 13, 2011, and plaintiff was granted leave to file an amended complaint within 28 days. Plaintiff was also informed of the deficiencies of the complaint and what would be required in an amended complaint. On November 1, 2011, plaintiff filed an exhibit with the court that consisted of two pages of jail regulations regarding food and meals. On November 9, plaintiff filed a motion to waive the filing fee that was denied. Plaintiff never filed an amended complaint so on December 12, 2011, the case was closed.

In his motion to reopen the case, plaintiff states he submitted an amended complaint, but the court never received it. Plaintiff also includes two receipts from his jail demonstrating that he submitted two different filings to the court. Of course, plaintiff does not include a copy of the amended complaint he allegedly filed, with the instant motion. Moreover, the dates of the receipts from the jail roughly correspond to the two filings that the court did receive that were mentioned above. To the extent plaintiff considered either of these two filings his amended complaint, the court does not agree. Plaintiff was informed of the deficiencies of

1  his original complaint and informed that any new complaint could not reference the original
2  complaint.  Filing two pages of jail regulations is not remotely sufficient to be considered an
3  amended complaint and it appears there were no problems with the court receiving plaintiff's
4  filings as he suggests.  Regardless, plaintiff's instant motion fails to meet the standard of Rule
5  60(b), by simply stating that an amended complaint was sent, without even including a copy of
6  the amended complaint.  Plaintiff's motion is denied and the court will not entertain further
7  filings from plaintiff.
8          In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion
9  to reopen the case (Doc. 14) is denied.
10 DATED: January 12, 2012

                                  /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

GGH: AB
alle2117.60b